IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

BRANDEN K. HILL,

      Petitioner,

v.                                              Case No. 5:18-cv-01283

D.L. YOUNG, Warden,
FCI Beckley,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A.    Petitioner's conviction.

On April 8, 2014, Petitioner was charged with possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts One, Five, Eight, and Eleven); possession of multiple firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Counts Two, Six and Nine); and being

an unlawful user of a controlled substance in possession of multiple firearms, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Counts Three, Four, Seven and Ten). Crim. Doc. 1.[1]  Petitioner subsequently pled guilty, pursuant to a written plea agreement, to Count Five, charging him with possession with intent to distribute crack cocaine, and Count Six, possessing a firearm in furtherance of a drug trafficking crime. Crim. Docs. 26, 28. The plea agreement also contained a waiver of Petitioner's appellate and post-conviction collateral attack rights, other than challenges based upon ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. Crim. Doc. 28 at 10.

On June 29, 2016, Petitioner was sentenced to 87 months of imprisonment on Count Five and 60 months of imprisonment on Count Six, to be served consecutively, for a total sentence of 147 months of imprisonment. Crim. Doc. 44 at 5. He did not file a direct appeal to the United States Court of Appeals for the Eighth Circuit.

### B. Petitioner's prior post-conviction filings.

On July 5, 2017, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Western District of Missouri (hereinafter "the Missouri District Court") (*Hill v. United States*, No. 4:17-cv-00545-DGK, ECF No. 1), asserting claims of ineffective assistance of counsel. On November 1, 2017, the Missouri District Court denied Petitioner's § 2255 motion. (*Id.*, ECF No. 7). Petitioner's motion for reconsideration was also denied on January 2, 2018. (*Id.*, ECF No. 10). The Eighth Circuit denied Petitioner a certificate of appealability and

---

[1] "Crim. Doc." refers to docket entries in Petitioner's criminal case, *United States v. Hill*, Case No. 14-00080-CR-WDGK-01 (W.D. Mo.).

2

dismissed his appeal on June 13, 2018, and a Mandate issued on August 15, 2018. *United States v. Hill*, No. 18-1528. (*Id.*, ECF No. 14, 15).

### C. Petitioner's instant § 2241 petition.

On September 7, 2018, while incarcerated at FCI Beckley in Beaver, West Virginia, Petitioner filed the instant § 2241 petition (ECF No. 1) again asserting claims of ineffective assistance of counsel surrounding Petitioner's understanding of, and voluntariness of, his guilty plea. He does not rely upon any change in substantive Supreme Court or Eighth Circuit law occurring after his opportunity to file a direct appeal and his § 2255 motion. Because it is apparent from the face of the petition that Petitioner is not entitled to any collateral relief thereon, the undersigned has not required Respondent to respond to the petition.

## ANALYSIS

### A. Petitioner is not entitled to relief under section 2241.

Petitioner's petition clearly challenges the validity of his conviction, and not the manner in which his sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Western District of Missouri. Normally, a § 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court. However, Petitioner has already unsuccessfully filed a § 2255 motion in his court of conviction. Thus, he would likely be procedurally barred from filing another § 2255 motion without authorization from the United States Court of Appeals for the Eighth Circuit under very limited criteria. *See* 28 U.S.C. 2255(h).

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id*. at 332.

Thus, before considering Petitioner's § 2241 petition on its merits, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue such relief under § 2241. The United States Court of Appeals for the Fourth Circuit (which governs the procedural law to be applied by this court) has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit[2] or the Supreme Court established the legality of the conviction; (2) subsequent to the

---

2  The Fourth Circuit has interpreted the phrase "this circuit" to mean the circuit in which the Petitioner

4

prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.

Moreover, as noted above, the savings clause contained in § 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of § 2255 and will not permit review of Petitioner's claims, which essentially re-assert claims he made in his prior § 2255 motion, or claims which should have been raised in those proceedings and are now procedurally barred.

Here, Petitioner is not relying on any retroactively applicable change in substantive law that has occurred since the time in which he could have pursued a direct appeal, or during his first § 2255 proceedings, that makes him no longer guilty of his crimes of conviction. Rather, Petitioner's claims are grounded in constitutional principles and authority that was available to him at the time of his conviction and sentencing. Thus, he cannot meet the criteria for review under the savings clause as set forth in *Jones*.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and his claims are not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claims contained in his § 2241 petition.

---

was convicted which, in this case, is the Eighth Circuit. *See Hahn v. Moseley,* 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.")

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and additional documents (ECF Nos. 2 and 6) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

October 23, 2020

Dwane L. Tinsley
United States Magistrate Judge